### GEO. W. JONES *v.* GEO. T. HUNSTON, ETC.

**Corporations—Subscribers for Stock—Calls for Payment.**
It is not material whether a subscriber for stock had notice of calls made on the subscribers for payment, where his contract is to pay as the president and directors may direct.

**Corporations—Officers Agents of Stockholders.**
The president and directors of a turnpike company are the agents of stockholders who are bound to know what the officers do.

**Corporations—Stockholders—Want of Knowledge.**
A stockholder of a turnpike company can not be allowed to rely on his want of knowledge touching a matter concerning which he should have informed himself, when it is within his power to do so.

APPEAL FROM HENRY CIRCUIT COURT.

January 10, 1873.

OPINION BY JUDGE LINDSAY:

Appellant, being a stockholder in the Turnpike Company, must have known whether or not it had ever been organized. In fact, the paper upon which he subscribed the stock shows that the money for the road had been made at the time of the subscription and in effect recognizes the existence of a president and board of directors for the company.

It is not material whether appellant had notice or not of the calls made on the subscription for the payment of their stock. His contract was to pay as the president and directors might direct. Being a stockholder in the company, the president and directors were his agents, and he was bound to know what they did in the premises. Besides this he can not be allowed to rely on his want of knowledge or information touching a matter about which he should have informed himself, it being manifestly within his power to do so. *Wing v. Dugan*, 8 Bush 584.

The denial that the road was built on the route specified in the writing, and in accordance with the agreement of the parties, is too general. It raises no issue. If any departures had been made from the terms of his subscription he should have specified what they were, so that the court might have determined whether or not they were material.

The remaining defenses attempted to be set up are such as the company might have made in a suit against it by the contractor, but which can not avail a stockholder in an action against him by the company to compel him to pay his stock.

The demurrer was properly sustained and appellant, failing to answer further, the judgment against him went as a matter of course.

It is therefore *affirmed.*

*DeHaven, for appellant.*

*Weeb & Barber, for appellees.*